UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Timothy Burch, <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> Walker Morgan, LLC; William P. Walker, Jr., and S. Kirkpatrick Morgan, Jr., <br><br> Defendants/Counterclaim Plaintiffs, <br><br> vs. <br><br> Kevin Johnston, <br><br> Counterclaim Defendant. | Case No: 3:16-2436-MBS <br><br> **ANSWER AND COUNTERCLAIM OF DEFENDANTS WALKER MORGAN, LLC, WILLIAM P. WALKER, JR., AND S. KIRKPATRICK MORGAN, JR.** <br><br> *(Jury Trial Demanded)* |

Defendants Walker Morgan, LLC, William P. Walker, Jr., and S. Kirkpatrick Morgan, Jr. ("Defendants"), by and through their undersigned counsel, for their answer to the Complaint filed by Plaintiff Timothy Burch ("Plaintiff"), and to support Defendants' counterclaim, allege and state as follows:

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1. Every allegation in the Complaint not specifically admitted is denied, and strict proof thereof is demanded.

2. Defendants admit the allegations in paragraph 1 upon information and belief.

3. Defendants admit the allegations in paragraph 2.

1

4. Responding to the allegations in paragraph 3, Defendants admit they reside in the District of South Carolina. Defendants deny the bases for jurisdiction and venue as pled by Plaintiff in the remaining allegations in paragraph 3.

5. Responding to the allegations in paragraph 4, Defendants admit Plaintiff sustained a burn injury while using a gas can and that Plaintiff received treatment at the Joseph M. Still Burn Center, Inc. ("JMS Burn Center") in Augusta, Georgia. Defendants deny the remaining allegations in paragraph 4.

6. Responding to the allegations in paragraph 5, Defendants admit Defendant William P. Walker, Jr. owns an airplane with a physician at the JMS Burn Center and is part owner of other personal property. Further answering paragraph 5, Defendants would show they have received an opinion from a noted expert in legal ethics that their relationships create no conflict of interest and do not violate the South Carolina Rules of Professional Conduct. Defendants deny the remaining allegations in paragraph 5.

7. Defendants deny the allegations in paragraph 6. Further answering paragraph 6, Defendants would show that representing burn victims is a focus of Defendants' legal practice, that the JMS Burn Center is the largest burn center in the United States, and that its largest facility is in Augusta, Georgia in relative proximity to Defendants' law office. Defendants would further show it is not uncommon for Defendants and their representatives to interact with physicians and patients at the JMS Burn Center as part of their representation of burn victim clients and their investigation of potential lawsuits or claims on behalf of burn victims.

8. Responding to the allegations in paragraph 7, Defendants would show they investigated and consulted with burn victims and their families, as would any lawyer who seeks to provide quality representation to clients. Defendants would further show that its employees

and agents assisted with Defendants' representation of their burn victim clients. Defendants deny any allegations in paragraph 7 inconsistent with this response.

9. Defendants deny the allegations in paragraph 8.

10. Defendants admit so much of paragraph 9 as alleged or can be construed to allege Plaintiff entered a fee agreement with Walker Morgan, LLC for Defendants to represent him. Defendants would also show that Plaintiff authorized Walker Morgan, LLC to associate other attorneys to assist with Plaintiff's case, and Walker Morgan, LLC associated Richardson Patrick Westbrook & Brickman ("RPWB"), to assist and serve as co-counsel in the case. Defendants would also show that Plaintiff agreed that Walker Morgan, LLC would receive 40 percent of any settlement, verdict, or other recovery for Plaintiff, and Plaintiff authorized Walker Morgan, LLC to share these fees with any associated co-counsel. Defendants would show that Walker Morgan, LLC and RPWB, as co-counsel, each received one-half of this 40 percent recovery. Therefore, Defendants would show that Walker Morgan, LLC received 20 percent of any recovery for Plaintiff, and RPWB received 20 percent as co-counsel. Defendants deny any allegations in paragraph 9 inconsistent with this response.

11. Defendants deny the allegations in paragraph 10.

12. Defendants deny the allegations in paragraph 11. Further answering paragraph 11, Defendants would show that section 44-14-470(b) of the Georgia Code provides that a hospital or physician providing traumatic burn medical care (like the JMS Burn Center) has a lien for the reasonable charges incurred in providing of such services, and that such lien attaches to all causes of action accruing to the person who received the care, or their legal representation, because of injuries giving rise to the causes of action and which required traumatic burn services. Defendants would further show, however, that the statute entitles the provider of the traumatic

3

burn services (like the JMS Burn Center) to step into the shoes of a burn patient to receive payment from a third party or tortfeasor and/or his/her/its insurance company. Upon information and belief, Defendants would also show that Plaintiff, upon admission of to the JMS Burn Center, executed a document that set forth certain conditions of admission including that Plaintiff authorized the JMS Burn Center to pursue a lawsuit on his behalf to collect payment for services rendered to him, and/or that Plaintiff agreed to pay over to the JMS Burn Center sums recovered in any claim or lawsuit brought on his behalf to pay in full for the medical expenses for services provided to him. Therefore, Defendants would show that Plaintiff assigned these benefits to the JMS Burn Center and authorized disbursement of monies to the JMS Burn Center for the full medical services provided to Plaintiff.

13.     Defendants deny the allegations in paragraphs 12, 13, and 14.

14.     Responding to the allegations in paragraph 15, Defendants would show a bankruptcy trustee evaluated Plaintiff's claim in the underlying burn litigation and determined the specific amount paid to settle, which Plaintiff accepted. Defendants would further show that Walker Morgan, LLC split 40 percent of the gross amount received by Plaintiff as attorneys' fees with co-counsel, RPWB, as authorized by Plaintiff in his fee agreement. Defendants would further show that the lien asserted by the JMS Burn Center was also paid from the remaining funds, and that (a) (upon information and belief) Plaintiff agreed to pay the JMS Burn Center pursuant to his execution of a document setting forth certain conditions to his admission to the hospital, and (b) the JMS Burn Center did not have to reduce the amount it would receive and would not compromise the lien despite requests by Defendants that the JMS Burn Center agree to accept less than the full asserted lien. Defendants would show Plaintiff received the balance of the settlement proceeds after deduction of attorneys' fees, the JMS Burn Center's lien amount,

and reasonable expenses and disbursements as authorized by Plaintiff. Defendants would also show that Plaintiff received a "Final Disbursement Statement" from Defendants, which set forth the amount of Plaintiff's recovery as well as the amount of attorneys' fees, costs and expenses, and the amount of the lien payable to the JMS Burn Center, and Plaintiff executed this statement on July 31, 2014 to indicate his understanding of all disbursements. Defendants would show that Plaintiff received an additional disbursement (the alleged $2,463.77) after finalization of his settlement based on monies that remained in the bankruptcy trustee's account as part of the winding down of the bankruptcy of the gas can manufacturer in the underlying burn case. Defendants would show that the trustee disbursed this remaining money pro rata to the claimants in proportion to their awards in the litigation, and Defendants disbursed this money to Plaintiff upon receipt. Defendants deny any allegations in paragraph 15 inconsistent with this response.

15.     Defendants deny the allegations in paragraph 16.

16.     Responding to the allegations in paragraph 17, Defendants incorporate their responses to paragraphs 1 through 16.

17.     Defendants admit the allegations in paragraph 18.

18.     The allegations in paragraphs 19 and 20 call for a legal conclusion, and no response by Defendants is required.

19.     Defendants deny the allegations in paragraph 21, 22, 23, 24, and 25.

20.     Responding to the allegations in paragraph 26, Defendants incorporate their responses to paragraphs 1 through 25.

21.     The allegations in paragraph 27 call for a legal conclusion, and no response by Defendants is required.

22.     Defendants deny the allegations in paragraph 28, 29, and 30.

23. Responding to the allegations in paragraph 31, Defendants incorporate their responses to paragraphs 1 through 30.

24. Defendants admit the allegations in paragraph 32.

25. The allegations in paragraph 33 call for a legal conclusion, and no response by Defendants is required. Responding further, Defendants crave reference to South Carolina Code § 39-55-10, et seq., in its entirety, which speaks for itself.

26. Defendants deny the allegations in paragraph 34, 35, 36, 37, and 38.

27. Defendants deny the unnumbered Prayer for Relief commencing with "WHEREFORE" on page 8 of Plaintiffs' Complaint.

## FOR A SECOND DEFENSE

28. The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

29. The Complaint should be dismissed for lack of subject-matter jurisdiction, as pled by Plaintiff, under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

30. The Complaint should be dismissed based on improper venue, as pled by Plaintiff, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## FOR A FIFTH DEFENSE

31. Plaintiff had no legal right nor the reasonable expectation of a discount on the medical expenses owed to the JMS Burn Center for services provided to Plaintiff based on the lien rights granted to the JMS Burn Center in Georgia Code section 44-14-470(b) and (upon information and belief) based on Plaintiff's execution of a conditions of admission document

assigning benefits to the JMS Burn Center. Defendants plead the referenced Georgia statute as a complete defense to all causes of action.

## FOR A SIXTH DEFENSE

32. Defendants had no conflict of interest because Defendants' representation of Plaintiff was not directly adverse to another client, and there was no significant risk that Defendants' representation of Plaintiff would be materially limited by Defendants' responsibilities to another client, as set forth in Rule 1.7(a) of the South Carolina Rules of Professional Conduct.

## FOR A SEVENTH DEFENSE

33. Defendants would show they breached no duty owed to Plaintiff as alleged in the Complaint.

## FOR AN EIGHTH DEFENSE

34. Defendants would show that even if they breached a duty as alleged, which is specifically denied, Defendants' breach is not the direct or proximate cause of any damages alleged by Plaintiff and, therefore, Defendants are not liable to Plaintiff for any sum.

## FOR A NINTH DEFENSE

35. Plaintiff's claims are barred and/or any recovery of damages is limited by the doctrines of contributory and comparative negligence of the Plaintiff.

## FOR A TENTH DEFENSE

36. Defendants assert that the claims are barred or limited by the contributing, concurring, intervening, or superseding fault, negligence, or breach by third persons or entities other than Defendants, and that any fault or negligence by Defendants, the existence of which is

denied, was passive and secondary because of the primary and active fault, negligence, or breach for the elimination or reduction of any liability by Defendants, the existence of which is denied.

## FOR AN ELEVENTH DEFENSE

37.     Plaintiff's claims are barred because Plaintiff has sustained no damages.

## FOR A TWELFTH DEFENSE

38.     Plaintiffs' claims are barred or otherwise reduced due to Plaintiff's failure to mitigate damages as required by law.

## FOR A THIRTEENTH DEFENSE

39.     Plaintiff's claim for breach of fiduciary duty duplicates his claim for legal malpractice and should be dismissed. RFT Mgmt. Co., LLC v. Tinsley & Adams, L.L.P., 399 S.C. 322, 732 S.E.2d 166 (2012).

## FOR A FOURTEENTH DEFENSE

40.     Plaintiff has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure, and Defendants plead Rule 12(b)(7) of the Federal Rules of Civil Procedure as a defense to all of Plaintiff's causes of action.

## FOR A FIFTEENTH DEFENSE

41.     Defendants plead the doctrine of estoppel as a complete or partial bar to all of Plaintiff's causes of action.

## FOR A SIXTEENTH DEFENSE

42.     Defendants plead the doctrine of laches as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A SEVENTEENTH DEFENSE**

43. Defendants plead the doctrine of waiver as a complete or partial bar to all of Plaintiff's causes of action.

**FOR AN EIGHTEENTH DEFENSE**

44. Defendants plead the doctrine of release as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A NINETEENTH DEFENSE**

45. Defendants plead the doctrine of ratification as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A TWENTIETH DEFENSE**

46. Defendants plead the doctrines of consent and acquiescence as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A TWENTY-FIRST DEFENSE**

47. Defendants plead the doctrine of accord and satisfaction as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A TWENTY-SECOND DEFENSE**

48. Defendants plead the doctrine of unclean hands as a complete or partial bar to all of Plaintiff's causes of action.

**FOR A TWENTY-THIRD DEFENSE**

49. Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed.

**FOR A TWENTY-FOURTH DEFENSE**

50. Defendants did not engage in any willful, malicious or other action entitling Plaintiffs to an award of punitive damages. Punitive damages, as awarded in South Carolina, violate the United States Constitution and South Carolina Constitution, and the holdings of *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 522 U.S. 424, 121 S.Ct. 1678 (2001), and *Phillip Morris USA v. Williams,* 127 S.Ct. 1057, 1063 (U.S. 2007), and the cases upon which they are based. If the trial court permits the jury to return a punitive damages award, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within *Exxon Shipping Company v. Baker*, 128 S.Ct. 2605 (2008), and/or the limitations imposed by S.C. Code § Ann. 15-78-120.

### FOR A TWENTY-FIFTH DEFENSE

51. Defendants plead all applicable protections afforded to them under the South Carolina Fairness in Civil Justice Act of 2011, codified at South Carolina Code sections 14-32-510 to 15-32-540.

### FOR A TWENTY-SIXTH DEFENSE

52. Defendants reserve the right to amend this Answer to assert any additional and affirmative defenses as revealed or become available during Defendants' investigation and/or discovery and consistent with the Federal Rules of Civil Procedure.

**FOR A TWENTY-SEVENTH DEFENSE, AND AS A COUNTERCLAIM AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT TIMOTHY BURCH AND COUNTERCLAIM DEFENDANT KEVIN JOHNSTON (Civil Conspiracy to Injure the Business of Walker Morgan, LLC and to Violate South Carolina Code Section 16-17-10)**

53. The preceding paragraphs are incorporated by reference as if stated verbatim.

54. Counterclaim Defendant Kevin Johnston ("Johnston") is a resident of Lexington County, South Carolina.

55. This Court has supplemental jurisdiction over this Counterclaim based upon 28 U.S.C. 1367(a).

56. Johnston is joined as a counterclaim defendant pursuant to Rules 13(h) and 20(a)(2) of the Federal Rules of Civil Procedure and as permitted under Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc., No. CA 6:13-1067-HMH, 2014 WL 2434705, at *9 (D.S.C. May 28, 2014).[1]

57. Johnston began working with Walker Morgan, LLC in approximately 2000 as an investigator. Johnston met with potential clients and investigated the cause of their injuries, including burn victims receiving treatment at the JMS Burn Center.

58. Specifically, Johnston met with victims, including Plaintiff, who were injured by a certain defective gas can and receiving treatment at the JMS Burn Center. Defendants represented those victims, including Plaintiff, in litigation against the gas can manufacturer. At the end of the gas can litigation, Johnston requested a sizeable bonus from Defendants, which exceeded the bonus received by other attorneys and/or paralegals of Walker Morgan, LLC involved with the cases.

59. When Defendants disagreed with the bonus requested by Johnston, Johnston left the firm and retained A. Camden Lewis ("Lewis"), J. Ryan Heiskell ("Heiskell"), and Lewis

---

[1] Defendants are not seeking to join Johnston as a third-party defendant under Rule 14. Instead, joinder is proper in this case under Rule 13(h). In Inter City, the newly joined counterclaim defendant argued it was improperly joined to the action because the defendant should have joined it to the action pursuant to Rule 14. In that case, Judge Herlong disagreed and found Rule 13(h) was the correct mechanism to join the party to the action because the counterclaim was asserted jointly against an original party to the complaint and the newly-joined counterclaim defendant. Similar to Inter City, this counterclaim is jointly asserted against Plaintiff and Johnston pursuant to Rules 13(h) and 20(a)(2) of the Federal Rules of Civil Procedure.

Babcock, L.L.P. ("Lewis Babcock") in 2014 to sue Defendants in Lexington County (Case No. 2014-CP-32-3388). Defendants ultimately settled the lawsuit filed by Johnston.

60. Heiskell, Lewis, and Lewis Babcock accepted a smaller fee to represent Johnston against Defendants. Upon information and belief, Heiskell, Lewis, and Lewis Babcock's agreement to accept the smaller fee to represent Johnston in his lawsuit was in exchange for Johnston's promise to deliver a larger group of clients—Plaintiff and other former clients of Defendants—to Lewis, Heiskell, and Lewis Babcock for the current legal malpractice action that is the subject of Plaintiff's Complaint.

61. After retaining Heiskell, Lewis, and Lewis Babcock, but before settling his case with Defendants, Johnston called Plaintiff and other former clients of Defendants with claims against the gas can manufacturer and who had received treatment at the JMS Burn Center to form a class action lawsuit against Defendants. These actions occurred in the middle and into the fall of 2014.

62. Johnston represented to these former clients, including Plaintiff, that Defendants had to negotiate a discount on Plaintiff's medical bills, and that Defendants profited from not negotiating their clients' medical bills. Johnston then represented to Plaintiff that Plaintiff could profit by filing his Complaint and alleging that Defendants failed to negotiate a discount on his medical bills for treatment at the JMS Burn Center.

63. Plaintiff then retained Heiskell, Lewis, and Lewis Babcock to sue Defendants, intending to harm Defendants' business, while financially benefitting from this lawsuit, even though all indications were that Plaintiff was satisfied with Defendants' representation of him and had willingly accepted the settlement amount Defendants achieved for him in his claim against the gas can manufacturer.

12

64. Johnston colluded with Lewis, Heiskell, and Lewis Babcock to contact former clients of Defendants, and Plaintiff joined in Johnston's efforts by agreeing to file his lawsuit, all to ruin or damage Defendants' business.

65. Plaintiff and Johnston conspired together and held meetings to sue Defendants, and those actions were and are to ruin or damage Defendants' business.

66. Plaintiff and Johnston conspired together to subject Defendants to litigation intending to distress or harass Defendants in violation of S.C. Code Ann. § 16-17-10(1-2), and violating a duty of care owed to Defendants.

67. The acts of Plaintiff and Johnston, which are made under the pretext of this lawsuit, are for the purpose of ruining or damaging Defendants' business.

68. Plaintiff and Johnston's combined actions to injure Defendants caused Defendants to suffer special damages, including potential liability for disgorgement of legal fees paid to co-counsel and not received by Defendants, damage to business reputation, increased insurance premiums and/or loss of insurance coverage, and legal defense fees and costs.

### SECOND COUNTERCLAIM AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT TIMOTHY BURCH AND <u>COUNTERCLAIM DEFENDANT KEVIN JOHNSTON</u>
**(Negligence Per Se Because of**
**Violation of South Carolina Code Section 16-17-10)**

69. The preceding paragraphs are incorporated by reference as if stated verbatim.

70. Johnston violated S.C. Code Ann. § 16-17-10(1) by willfully soliciting, exciting, and inciting others, including Plaintiff, to bring or maintain an action against Defendants intending to harass or distress Defendants and for his own financial gain.

13

71. Plaintiff violated S.C. Code Ann. § 16-17-10(2) by willfully bringing this instant action and misleading the Court of the collusion among Plaintiff, Johnston, Lewis, Heiskell, and Lewis Babcock.

72. Plaintiff also violated S.C. Code Ann. § 16-17-10(2) by willfully bringing this instant action intending to distress or harass Defendants and for his own financial gain.

73. Plaintiff and Johnston's violation of S.C. Code Ann. § 16-17-10 constitutes negligence *per se*.

74. The essential purpose of S.C. Code Ann. § 16-17-10 is to protect people from being subjected to litigation brought to distress or harass another party. S.C. Code Ann. § 16-17-10 was meant to protect Defendants from being subjected to such litigation.

75. Upon information and belief, Plaintiff and Johnston's foregoing violations of S.C. Code Ann. § 16-17-10 were willful, wanton, or at least, reckless.

76. In violating S.C. Code Ann. § 16-17-10, Plaintiff and Johnston breached a duty of care owed to Defendants.

77. As a direct and proximate result of Plaintiff and Johnston's violations of S.C. Code Ann. § 16-17-10, Defendants have suffered injuries including being named defendants in and bearing the costs of defending this lawsuit.

### THIRD COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT KEVIN JOHNSTON
(Common Law Barratry)

78. The preceding paragraphs are incorporated by reference as if stated verbatim.

79. Johnston solicited, incited, and excited Plaintiff and other former clients to sue Defendants.

80. Johnston has frequently excited and stirred up quarrels and suits by soliciting many of Defendants' former clients to sue Defendants.

81. Acting as a common barrater, Johnston caused Defendants to suffer injuries, including, but not limited to actual, consequential damages, and emotional distress.

WHEREFORE, Defendants/Counterclaim Plaintiffs Walker Morgan, LLC, William P. Walker, Jr., and S. Kirkpatrick Morgan, Jr. pray for the following relief:

1) for an order dismissing Plaintiff's Complaint;

2) for an award of damages on its counterclaims against Plaintiff and Counterclaim Defendant Kevin Johnston, and award actual, consequential, special, treble, and punitive damages accordingly; and

3) for such other and further relief as this Honorable Court deems just and proper.

*[SIGNATURE PAGE FOLLOWS]*

                Respectfully submitted,

                COLLINS & LACY, PC

By:    s/ Brian A. Comer
        Brian A. Comer, Esquire
        Fed. ID#: 9106
        bcomer@collinsandlacy.com
        Joel W. Collins Jr., Esquire
        Fed. ID#: 224
        jcollins@collinsandlacy.com
        1330 Lady Street, 6th Floor (29201)
        Post Office Box 12487
        Columbia, SC 29211
        803.256.2660
        803.771-4484 (Fax)

        ATTORNEYS FOR WALKER MORGAN, LLC, WILLIAM P. WALKER, JR., AND S. KIRKPATRICK MORGAN, JR.

July 27, 2016
Columbia, South Carolina